# Craig, Executrix, Appellant, *v.* Blau et al.

*Mortgage—Right to sue on mortgage—Decedent's estate—Raising of administration d. b. n.*

Where a wife, the sole legatee and executrix of her husband, takes over a mortgage executed to her husband, without settling his estate, and collects interest on the same for many years, without ever assigning the mortgage to herself personally, her executrix on her death cannot sue out the mortgage, but an administration d. b. n. must be raised on the husband's estate for the purposes of bringing such suit.

Argued January 24, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SCHAFFER, JJ.

Appeal, No. 39, Jan. T., 1927, by plaintiff, from order of C. P. Lackawanna Co., Oct. T., 1925, No. 327, discharging rule for judgment for want of sufficient affidavit of defense, in case of Annie Craig, executrix of Martha A. Parton, who was sole legatee of George Parton, deceased, v. Adolph Blau and Michael O'Connor, mortgagors, Louis Brandwene et al., real owner. Affirmed.

Scire facias sur mortgage.

Rule for judgment of want of sufficient affidavit of defense. Before MAXEY, J.

The opinion of the Supreme Court states the facts.

Rule discharged. Plaintiff appealed.

*Error assigned* was, inter alia, order, quoting record.

*C. B. Price,* with him *S. B. Price* and *J. H. Price,* for appellant.

*Myer Kabatchnick,* for appellees.

PER CURIAM, March 14, 1927:

We adopt the following excerpts from the opinion of the court below discharging rule for judgment for want

of sufficient affidavit of defense: "This action was a scire facias on a mortgage and the material facts are not in dispute......Adolph Blau and Michael O'Connor executed a mortgage to George Parton......Parton died in 1910, and his will was duly probated, letters testamentary being issued to Martha A. Parton, ......who was also his sole heir and legatee. Martha A. Parton held this mortgage and collected the interest from 1910 to 1923, when she died, and her will was duly probated, letters testamentary [being] issued to Annie Craig...... plaintiff in this action......[The] present owners of the building filed an affidavit of defense averring their willingness to pay the amount due on said mortgage, but alleging that Annie Craig, as executrix of Martha A. Parton's estate, cannot maintain this action, and that the same should be instituted by an administrator d. b. n. c. t. a. of the estate of George Parton, deceased. Thereupon, plaintiff took a rule for judgment for want of a sufficient affidavit of defense. Plaintiff admits that Martha A. Parton, executrix, never assigned this mortgage to herself as legatee,......that the estate of George Parton, deceased, has never been settled, no inventory was....filed, and that Martha A. Parton simply took possession of the mortgage and collected the interest thereof without any formal transfer......The question we are called upon to decide......is: Can the executrix of the legatee of an estate maintain a scire facias on a mortgage without raising up an administrator d. b. n. c. t. a. of the original mortgagee as the proper party plaintiff to this action? We think the affidavit of defense is good and valid in law. This question seems to have been before a court in [our] State but once, in Griffin v. Brower, 21 Pa. Co. Ct. 188; [where it was held] that the heirs at law of a deceased mortgagee have no power to collect a mortgage payable to such mortgagee, in their own names and without the appointment of an administrator. Judge WALLING, [now Justice WALLING, of this court] there said, in part: 'The mortgagee is the plaintiff

in the writ; if he be dead, the suit should be in the name of his personal representative, even when he has bequeathed the mortgage.' The defendants in the case at bar have a right to pay this mortgage and have it satisfied of record without submitting to a sale of the mortgaged premises, and no authority has been cited, and I have been unable to find any, which gives the heirs at law of the deceased mortgagee the right to satisfy a mortgage of record. Pending the above motion, the plaintiffs have filed in court an affidavit, setting forth not only that they are the only heirs of said mortgagee, but also that there are no debts unpaid; and this is undoubtedly true to the best of their knowledge; but it should be borne in mind that there has been no administration on the estate of George [Parton], deceased, and hence no adjudication that his estate is free from debt. There may be liability of suretyship or otherwise, of which the heirs have no knowledge, and, should such be the case, in my opinion the payment of this mortgage to the heirs at law would not relieve the mortgagor from liability on the mortgage to a subsequently appointed administrator, and this is a risk which no mortgagor in any case should be called upon to assume."

The order appealed from is affirmed.