## Layman et al. v. Jenkins

*LeRoy S. Maxwell*, for plaintiffs.

*N. F. Keller*, for defendant.

WINGERD, P. J., January 5, 1951.—Plaintiffs are children of and beneficiaries under the unprobated will of William Harvey Layman, who died December 30, 1949, a resident of Franklin County. The will names the First National Bank and Trust Company in Waynesboro, executor. The present proceeding is an action in assumpsit in which plaintiffs filed a complaint containing three counts, one for each plaintiff. In the first count Lee R. Layman avers that on or about June 17, 1948, decedent executed a general power of attorney to defendant, Catherine I. Jenkins; that, at the time of the execution of this power, decedent had an estate of approximately $7,000, consisting of United States Government bonds, checking account, etc., and was receiving monthly payments from the Veterans Administration and the United States Social Security Board; that after the execution

of this power, defendant removed all United States Government bonds and other evidence of indebtedness from the safe deposit box of decedent, withdrew the funds from the checking accounts, and received other funds due decedent; that the funds and property received by defendant and not disbursed for the benefit of decedent form a part of decedent's estate; that plaintiffs have frequently requested defendant to render an account and defendant has refused and neglected so to do but has tendered a general statement of receipts and disbursements without details; that the First National Bank and Trust Company in Waynesboro, executor named in decedent's will, has not probated the will because it has been unable to find property standing in the name of decedent, and prays that defendant be directed to account to plaintiff, in detail, for the moneys received and disbursed by her as attorney-in-fact of decedent, so the amount, if any, payable to the executor of the will of decedent can be determined. The remaining two counts, in each one of which one of the remaining plaintiffs appears as plaintiff, merely identify that plaintiff and reiterate the allegations of fact and prayer contained in the first count.

Defendant filed a demurrer and motion for judgment on the pleadings as preliminary objections to the complaint on the ground that each count shows that plaintiff is a remainderman under the will of decedent entitled to share in the residuary estate of decedent and is not the personal representative of decedent and that, as the will of decedent appoints the First National Bank and Trust Company in Waynesboro as executor, any action seeking an accounting or to recover from defendant any money or property alleged to belong to estate of decedent must be brought by such personal representative and

cannot be maintained by a legatee or other beneficiary under the will of decedent.

Pa. R. C. P. 1021, which has to do with the action of assumpsit, provides: "Any pleading demanding relief shall specify the relief to which the party deems himself entitled. Relief in the alternative or of several different types, including an accounting, may be demanded." The comment on this rule in Goodrich-Amram, §1021-2, page 104, is as follows:

"Section 11 of the Practice Act of 1915 specifically permitted the plaintiff, in an action of assumpsit, to ask for an accounting from the defendant. This practice remains. No rule specifically designates the practice; it is found in the provision of Rule 1021 which authorizes 'an accounting' as one of the forms of relief which can be claimed.

"The authorities and procedure which applied under the prior practice remain unchanged."

To enable us to understand Pa. R. C. P. 1021, since it is designed to merely continue unchanged the right to an accounting as heretofore provided, the Practice Act of May 14, 1915, P. L. 483, sec. 11, as amended by the Act of May 26, 1937, P. L. 895, sec. 1, 12 PS §393, which reads as follows:

"If either the plaintiff in his statement or the defendant in a counterclaim avers that the defendant or plaintiff has received moneys as agent, trustee, or in any other capacity for which he is bound to account to the plaintiff or defendant, or if the plaintiff or defendant is unable to state the exact amount due him by the defendant or plaintiff, by reason of the defendant's or plaintiff's failure to account to him, the plaintiff or defendant may ask for an account," must be considered as well as its interpretation by the courts.

The very wording of section 11 of the Practice Act shows that a right to an accounting is merely an incident to a proper claim of plaintiff against defendant

sounding in assumpsit. It states that if plaintiff avers that defendant has received moneys as agent, trustee, etc., for which defendant is bound to account to plaintiff or if plaintiff is unable to state the exact amount due him by defendant because defendant failed to account to him, he may ask for an account. In other words the right to ask for an account under the act was plainly based upon the averment by plaintiff that defendant was bound to account to him or that defendant owed to plaintiff certain moneys. There was no right given to an individual to merely ask for an accounting, as a plaintiff, when defendant was not his agent or trustee and not bound to account to him personally or when defendant did not owe to plaintiff moneys for which he failed to account and which had to be paid to plaintiff by defendant if his account showed an amount owing to plaintiff. As we said before, the right to an account was merely incidental to plaintiff's claim in assumpsit for moneys due plaintiff by defendant (Chisholm et al. v. Nicola Building Company, 65 Pitts. L. J. 425-426) and the right, if the account, when filed, showed a balance, to recover such balance must be averred in plaintiff's complaint: Freedman et al. v. Emig, 40 York 61-62. See Barnett, admr., v. Ross, 333 Pa. 510.

The Practice Act of May 14, 1915, was by Pa. R. C. P. 1452, under the authority of the Act of June 21, 1937, P. L. 1982, sec. 1, as amended by the Act of March 30, 1939, P. L. 14, sec. 1, 17 PS §61, only suspended insofar as it applied to the practice and procedure in actions of assumpsit. Pa. R. C. P. 1021 does not, to our mind, in any way enlarge or change the substantive conditions upon which an accounting may be asked in an action of assumpsit. The Practice Act of 1915 engrafted the remedy of accounting upon assumpsit, accounting and assumpsit having theretofore not been associated in the manner there provided:

Miller v. Belmont Packing & Rubber Co., 268 Pa. 51, 64. However, the grafting was only allowed under the circumstances recited in section 11 of the Practice Act of 1915. Pa. R. C. P. 1021, in effect, merely states that an accounting may be asked for in an action in assumpsit in the claim for relief and the wording indicates that it may be asked for in connection with other relief. No intention is indicated that an accounting may be enforced in an action of assumpsit other than in connection with the circumstances set forth in section 11 of the Practice Act of 1915. Its reasonable interpretation is that when it speaks of an accounting, it refers to an accounting of the character provided for by section 11 of the Practice Act of 1915. We agree with the note in Goodrich-Amram, §1021-2, page 104, above referred to, stating that the practice as to accounting in actions of assumpsit, provided in section 11 of the Practice Act of 1915, remains unchanged under Pa. R. C. P. 1021.

In the instant case there is no allegation that defendant has received moneys as agent, trustee, or in any other capacity for which he is bound to account to plaintiff or that plaintiff is unable to state the exact amount due him by defendant by reason of defendant's failure to account to him. Plaintiff does not claim that, even if the account asked for is filed and shows a balance of moneys in the hands of defendant, which belong to the decedent's estate, any amount is payable by defendant to plaintiff. The circumstances under which the remedy of an accounting is incidental to an action in assumpsit, are not here present. Plaintiff has shown no right to an accounting in the present action.

Plaintiffs contend that, as interested parties, they should have the right to an accounting so the executor named in the will may know whether or not there are moneys or property due decedent's estate from defendant so, if there are, the executor named will probate

the will. We know of no such right to an accounting in an action of assumpsit.

The complaint in the instant case cannot be amended, as to any of the counts contained therein, so that the facts alleged are sufficient to support a request for an accounting in an action of assumpsit and, therefore, we must sustain the demurrer and give judgment for defendant. If defendant had in her hands moneys, as attorney-in-fact for decedent during his lifetime, the only person to whom she was accountable and who was entitled to any funds in her hands was decedent, during his lifetime, and his personal representative after his death: Fiduciaries Act of June 7, 1917, sec. 35(*b*), as amended, 20 PS §772. An heir or legatee has no right to bring an action for the protection or recovery of property which decedent might have commenced in his lifetime: Cain v. Hutson et al., 127 F.(2d) 19, 20; Craig v. Blau et al., 288 Pa. 547; Schwebel v. Wohlsen, 254 Pa. 281, 288.

Now, January 5, 1951, defendant's demurrer to the complaint is sustained and judgment for defendant is entered on each one of three counts of the complaint.